Erica J. Sullivan (SBN: 306466)
Daniel R. Forde (SBN: 248461)
**HOFFMAN & FORDE, ATTORNEYS AT LAW**
3033 Fifth Avenue, Suite 225
San Diego, CA 92103
Tel: (619) 546-7880
Fax: (619) 546-7881
esullivan@hoffmanforde.com
dforde@hoffmanforde.com

Attorneys for Plaintiffs,
Kevin Claudio and Rebecca Claudio

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN CLAUDIO, an individual; and REBECCA CLAUDIO, an individual, <br><br> Plaintiffs, <br> v. <br><br> EQUIFAX INC.; TRANS UNION LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; <br><br> Defendants. | Case No.:  **'16CV1939 BEN NLS** <br><br> **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.** <br><br> **[JURY TRIAL DEMANDED]** |

**Introduction**

1. Plaintiffs KEVIN CLAUDIO ("Mr. Claudio") and REBECCA CLAUDIO ("Mrs. Claudio") (collectively as "Plaintiffs"), through their attorneys, file this Complaint and bring this action against Defendants EQUIFAX INC. (individually as "Equifax" or collectively as "Defendants"), TRANS UNION

LLC (individually as "Trans Union" or collectively as "Defendants"), EXPERIAN INFORMATION SOLUTIONS, INC. (individually as "Experian" or collectively as "Defendants") with regard to Defendants' reporting of erroneous negative and derogatory reports to Plaintiffs' credit report, as that term is defined by 15 U.S.C. § 1681a(g). Defendants' willful and negligent failure to properly investigate the disputes of Plaintiffs concerning the inaccurate data Defendants are reporting in Plaintiffs' file, and Defendants' failure to correct such, which Defendants knew or should have known was erroneous and which caused Plaintiffs' damages.

2. Plaintiffs make these allegations on information and belief, with the exception of allegations that pertain to Plaintiffs, or to Plaintiffs' counsel, which Plaintiffs allege on personal knowledge.

3. While violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, Plaintiffs allege that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

5. Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the Defendants named.

6. Unless otherwise stated, all the conduct engaged in by Defendants occurred in California.

**JURISDICTION AND VENUE**

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681i.

8. This action arises out of Defendants' violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et. seq.

9. Because Defendants conduct business within the State of California, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

11. Plaintiffs are natural persons who reside in the County of San Diego, in the State of California.

12. Plaintiffs are "consumers" as defined by 15 U.S.C. §1681a(c).

13. Defendant Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

14. Defendant Equifax is a corporation incorporated in the State of Georgia.

15. Defendant Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

16. Defendant Trans Union is a limited liability company organized in the State of Delaware.

17. Defendant Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

18. Defendant Experian is a corporation incorporated in the State of Ohio.

## GENERAL FACTUAL ALLEGATIONS

19. At all times relevant to this matter, Plaintiffs were individuals residing within the State of California.

20. At all times relevant to this matter, Defendants conducted business within the State of California.

//

//

## FACTUAL ALLEGATIONS RE: BANK OF AMERICA ACCOUNT NUMBER 6824013235XXXX

21. On or about April 2016, Plaintiffs became aware that Equifax and Experian were reporting a continuing obligation owed to Bank of America ("B of A") on both of Plaintiffs' credit reports.

22. On both of Plaintiffs' credit reports, Equifax is reporting this obligation owed to B of A with a status of "Wage Earner Plan," and a comment of "Bankruptcy chapter 13," with no reference to a dismissal, despite the fact that the Plaintiffs' chapter 13 bankruptcy was dismissed on February 20, 2013.

23. On both of Plaintiffs' credit reports, Experian is reporting this obligation owed to B of A as "Filed Chapter 13 Bankruptcy on Feb 27, 2015," despite the fact the Plaintiffs' chapter 13 bankruptcy was actually filed on June 15, 2012 and dismissed on February 20, 2013.

24. Subsequently, Plaintiffs disputed the trade line on each of Plaintiffs' credit reports with Equifax and Experian via written communications dated May 26, 2016.

25. Equifax, upon receiving notice of Mrs. Claudio's dispute, failed to respond entirely with respect to the disputed information, as required by the FCRA.

26. Experian, upon receiving notice of Mr. Claudio's dispute, failed to respond entirely with respect to the disputed information, as required by the FCRA. Experian stated that they had previously processed the dispute and "the credit grantor has verified its accuracy." However, the credit report does not state that this obligation was previously disputed and inaccurate information is currently being reported.

27. Equifax and Experian failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. § 1681i, which requires

credit agencies to conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information following a dispute filed with Equifax and Experian by Plaintiffs. The aforementioned conduct of Equifax and Experian is also in violation of 15 U.S.C. § 1681e, which requires the "maximum possible accuracy of the information" be contained in consumers' credit reports.

28. As a result of Defendants' action and inaction, Plaintiffs have suffered damage by loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials.  Plaintiffs have further spent countless hours and suffered pecuniary loss in attempting to correct Defendant's inaccurate and derogatory information, without success.

## **FACTUAL ALLEGATIONS RE: PORTFOLIO RECOVERY ASSOCIATES ACCOUNT NUMBER 466309017519XXXX**

29. On or about April 2016, Plaintiffs became aware that Trans Union and Experian were reporting a continuing obligation owed to Portfolio Recovery Associates ("PRA") on both Plaintiffs' credit reports.

30. On Mr. Claudio's credit report, Trans Union is reporting this obligation owed to PRA with a remark of "Bankruptcy dismissed," but does not include the chapter of bankruptcy as required under the FCRA.

31. On Mrs. Claudio's credit report, Trans Union is reporting this obligation owed to PRA with a remark of "Bankruptcy dismissed," but does not include the chapter of bankruptcy as required under the FCRA.

32. On Mr. Claudio's credit report, Experian is reporting this obligation owed to B of A as "Chapter 13 Bankruptcy Dismissed on July 14, 2014," despite the fact the Plaintiffs' chapter 13 bankruptcy was actually filed on June 15, 2012

COMPLAINT

and dismissed on February 20, 2013.

33. Subsequently, Plaintiffs disputed the trade line on each of Plaintiffs' credit reports with Trans Union and Experian via written communications dated May 26, 2016.

34. Trans Union, upon receiving notice of Mrs. Claudio's dispute, failed to respond entirely with respect to the disputed information, as required by the FCRA

35. Experian, upon receiving notice of Mr. Claudio's dispute, failed to respond entirely with respect to the disputed information, as required by the FCRA. Experian stated that they had previously processed the dispute and "the credit grantor has verified its accuracy." However, the credit report does not state that this obligation was previously disputed and inaccurate information is currently being reported.

36. Trans Union and Experian failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. § 1681i, which requires credit agencies to conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information following a dispute filed with Trans Union and Experian by Plaintiffs. The conduct of Trans Union and Experian is also in violation of 15 U.S.C. § 1681e, which requires the "maximum possible accuracy of the information" be contained in consumers' credit reports.

37. As a result of Defendants' action and inaction, Plaintiffs have suffered damage by loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiffs have further spent countless hours and suffered pecuniary loss in attempting to correct

Defendants' inaccurate and derogatory information, without success.

## FACTUAL ALLEGATIONS RE: PORTFOLIO RECOVERY ASSOCIATES ACCOUNT NUMBER 757513660XXXX

38. On or about April 2016, Mr. Claudio became aware that Experian was reporting a continuing obligation owed to PRA on his credit reports.

39. On Mr. Claudio's credit report, Experian is reporting this obligation owed to PRA as "Chapter 13 Bankruptcy Dismissed on January 2, 2014," despite the fact the Plaintiffs' Chapter 13 bankruptcy was actually filed on June 15, 2012 and dismissed on February 20, 2013.

40. Subsequently, Mr. Claudio disputed the trade line on each of Plaintiffs' credit reports with Experian via written communications dated May 26, 2016.

41. Experian, upon receiving notice of Mr. Claudio's dispute, failed to respond entirely with respect to the disputed information, as required by the FCRA. Experian stated that they had previously processed the dispute and "the credit grantor has verified its accuracy." However, the credit report does not state that this obligation was previously disputed, and inaccurate information is currently being reported.

42. Experian failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. § 1681i, which requires credit agencies to conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information following a dispute filed with Experian by Plaintiff. The conduct of Experian is also in violation of 15 U.S.C. § 1681e, which requires the "maximum possible accuracy of the information" be contained in consumers' credit reports.

43. As a result of Defendant's action and inaction, Plaintiff has suffered damage

by loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials.  Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendant's inaccurate and derogatory information, without success.

### FACTUAL ALLEGATIONS RE: PROGRESSIVE MANAGEMENT SYSTEMS ACCOUNT NUMBER 20275932XXXX

44. On or about April 2016, Mr. Claudio became aware that Trans Union and Experian were reporting a continuing obligation owed to Progressive Management Systems ("Progressive") on his credit reports.

45. On Mr. Claudio's credit report, Trans Union is reporting this obligation owed to PRA with a status of "In collection," despite the fact that Mr. Claudio's Chapter 13 bankruptcy was filed on June 15, 2012 and dismissed on February 20, 2013, and thus, the report should state that the account was included in the dismissed bankruptcy.

46. On Mr. Claudio's credit report, Experian is reporting this obligation owed to Progressive as "Collection account," despite the fact Mr. Claudio's Chapter 13 bankruptcy was filed on June 15, 2012 and dismissed on February 20, 2013, and thus, the report should state that the account was included in the dismissed bankruptcy.

47. Subsequently, Mr. Claudio disputed the trade line on each of his credit reports with Trans Union and Experian via written communications dated May 26, 2016.

48. Experian, upon receiving notice of Mr. Claudio's dispute, failed to respond entirely with respect to the disputed information, as required by the FCRA. Experian stated that they had previously processed the dispute and "the credit

grantor has verified its accuracy." However, the credit report does not state that this obligation was previously disputed and inaccurate information is currently being reported.

49. Trans Union and Experian failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. § 1681i, which requires credit agencies to conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information following a dispute filed with Trans Union and Experian by Plaintiff.  The conduct of Trans Union and Experian is also in violation of 15 U.S.C. § 1681e, which requires the "maximum possible accuracy of the information" be contained in consumers' credit reports.

50. As a result of Defendants' action and inaction, Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials.  Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory information, without success.

## CAUSES OF ACTION

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. §§ 1681 ET SEQ.

## [AGAINST ALL DEFENDANTS]

51. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. Defendants willfully, recklessly, and negligently violated provisions of the FCRA.

53. Defendants' violations include, but are not limited to, Defendants' violation of 15 U.S.C. § 1681i by failing to conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information following a dispute filed with Defendants by Plaintiffs.

54. Defendants' conduct also constitutes violation of 15 U.S.C. § 1681e, which requires the "maximum possible accuracy of the information" be contained in consumers' credit reports.

55. As a result of each and every negligent violation of the FCRA, Defendants are liable to Plaintiffs in the sum of Plaintiffs' actual damages, pursuant to 15 U.S.C. § 1681o(a)(1), and reasonable attorney's and costs fees, pursuant to 15 U.S.C. § 1681o(a)(2).

56. As a result of each and every willful violation of the FCRA, Plaintiffs are entitled to actual damages or damages of not less than $100.00 and not more than $1,000.00, and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C §1681n(a)(3) from each Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray that judgment be entered against Defendants:

57. For each incident of willful noncompliance:

    A. An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 per Plaintiff pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendants for each incident of willful non-compliance of the FCRA;

    B. An award of punitive damages, as the Court may allow pursuant to 15

U.S.C. § 1681n(a)(3), against Defendants for each incident of willful noncompliance of the FCRA;

C. An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendants for each incident of negligent noncompliance of the FCRA;

D. An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA; and

E. Any and all other relief the Court deems just and proper.

Dated: August 2, 2016

Respectfully submitted,
**HOFFMAN & FORDE**

         /s/ Erica J. Sullivan         
ERICA J. SULLIVAN
3033 Fifth Avenue, Suite 225
San Diego, CA 92103
P:  (619) 546-7880
F:  (619) 546-7881
E: esullivan@hoffmanforde.com

Attorneys for Plaintiffs,
Kevin Claudio and Rebecca Claudio

COMPLAINT

## TRIAL BY JURY

58. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated: August 2, 2016

Respectfully submitted,
**HOFFMAN & FORDE**

 */s/ Erica J. Sullivan*
ERICA J. SULLIVAN
3033 Fifth Avenue, Suite 225
San Diego, CA 92103
P: (619) 546-7880
F: (619) 546-7881
E: esullivan@hoffmanforde.com

Attorneys for Plaintiffs,
Kevin Claudio and Rebecca Claudio

**COMPLAINT**